UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HERBERT BURGESS,

                              Plaintiff,

                                                         DECISION AND ORDER

                                                         08-CV-6582L

                 v.

JAMES T. CONWAY,
LISA TRAPASSO,
VANCE HAWLEY,
SELEN ABASSEY,
GERALD CONIGLIO,

                              Defendants.
_____

       Plaintiff, Herbert Burgess, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued several DOCS employees and other defendants, alleging that defendants violated plaintiff's constitutional rights in certain respects in 2008, while plaintiff was confined at Attica Correctional Facility.

       Defendants have moved to revoke plaintiff's *in forma pauperis* ("IFP") status and to dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Section 1915(g), which is sometimes referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [IFP] section if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). *See also Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007) ("Section 1915(g) denies *in forma pauperis* status–that is, the ability to file a civil action with fees paid by the Court–to an incarcerated person who has [earned three 'strikes' under the statute]") (per curiam).

Defendants' motion is granted. The record shows conclusively that plaintiff has had at least three actions or appeals dismissed on grounds falling within the categories enumerated in § 1915(g).

## DISCUSSION

**I. Plaintiff's "Strikes"**

**Strike One:**

In *Burgess v. Fischer*, 07-CV-0204, plaintiff sued several DOCS officials and employees in the Northern District of New York for violations arising out of an alleged assault on plaintiff by another inmate. On March 10, 2009, District Judge Glenn Suddaby granted the defendants' motion for judgment on the pleadings. *See* Def. Ex. A (Dkt. #13 at 13-16). The basis for the decision was that plaintiff had, or could have, brought those same claims in at least three prior actions that he had filed in the Northern District, in all of which plaintiff had entered into stipulations of discontinuance. *Id.* at 14. That dismissal clearly counts as a strike, since the fatal defect in that action was not merely "technical" or procedural in nature, and could not have been remedied by the plaintiff. *See Tafari*

*v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) ("the label attached to the defect is of far less significance than whether the defect is remediable").

**Strike Two:**

In *Burgess v. Tadder*, 02-CV-6476, which was filed in this district, plaintiff asserted claims against several correction officers and the superintendent of Southport Correctional Facility. On October 3, 2002, then-Senior District Judge John T. Elfvin of this Court dismissed the complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and denied permission to proceed IFP on appeal. *See* Def. Ex. B (Dkt. #13 at 19).

Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Again, these are fundamental defects that clearly fall within the scope of § 1915(g), and indeed plaintiff in this action does not appear to contest that the dismissal of his complaint in *Tadder* counts as a strike.

**Strike Three:**

On appeal from the dismissal of the complaint in *Tadder*, the Court of Appeals denied plaintiff's IFP request and dismissed the appeal as frivolous. *See* Def. Ex. B (Dkt. #13 at 19). Plaintiff contends that this should not count as a third strike because, he argues, he should be assessed no more than one strike per action.

The text of the statute itself (which refers to dismissal of "an action or appeal"), and the cases interpreting it, are clearly to the contrary, however. *See, e.g.*, *Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes"); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("A frivolous complaint ... followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)"); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996) ("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); *Wolfe v. Zappala*, No. 2:09CV315, 2009 WL 1160932, at *2 n.6 (W.D.Pa. Apr. 28, 2009) ("There is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike"). Thus, the Second Circuit's dismissal of plaintiff's appeal in *Tadder* constitutes plaintiff's third strike under § 1915(g).[1]

---

[1]Defendants contend that another strike should also be assessed against plaintiff with respect to another action, *Burgess v. Morse*, 01-CV-6578. On April 23, 2003, I granted the defendants' motion for summary judgment in that case, dismissing all of plaintiff's claims against the DOCS commissioner due to the commissioner's lack of personal involvement in the alleged constitutional deprivations. The claims against the other defendants were dismissed for failure to exhaust administrative remedies. *See* 259 F.Supp.2d 240, 245-50. Defendants contend that the dismissal of the claims against the commissioner should count as a § 1915(g) strike.

Dismissal for failure to exhaust does not qualify as a strike under § 1915(g). *See Tafari*, 473 F.3d at 443. Dismissal for lack of a defendant's personal involvement can qualify as a strike, however. *See, e.g.*, *Kelley v. Pollard*, No. 08-CV-535, 2008 WL 4862363, at *6 (W.D.Wisc. Nov. 6, 2008). What is less clear is whether a strike is earned when an action is dismissed in its entirety, but only some of the claims are dismissed for reasons that do fall within the grounds set forth in § 1915(g). *Compare Thompson v. DEA*, 492 F.3d 428, 432 (D.C. Cir. 2007) ("both sides appear to agree that actions containing at least one claim falling within none of the three strike categories ... do not count as strikes. We too agree. Section 1915(g) speaks of the dismissal of 'actions and appeals,' not 'claims'"), *with Pointer v. Wilkinson*, 502 F.3d 369, 376 (6th Cir. 2007) ("where an entire complaint is dismissed, in part for failure to exhaust and in
(continued...)

## II. Imminent-Danger Exception

As stated, § 1915(g) provides an exception to the three-strike rule when "the prisoner is under imminent danger of serious physical injury." The law is settled that whether a plaintiff falls within this exception is to be judged at the time of the filing of the complaint. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed").

In the case at bar, plaintiff asserts that he is–and was, when the complaint was filed–in imminent danger of physical injury. To fall within the exception, however, the danger must be specific in nature, and amount to more than just fear that a physical attack *could* occur at some point in the future. *See Brown v. Johnson*, 387 F.3d 1344, 1349-1350 (11th Cir. 2004) (plaintiff must present "specific fact allegations ... of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *Pettus v. Mangano*, No. 05-CV-1834, 2005 WL 1123761, at *1 (E.D.N.Y.

---

[1](...continued)
part for one of the grounds stated in § 1915(g), the dismissal should count as a strike"). *See also Eady v. Lappin*, No. 9:05-CV-0824, 2007 WL 1531879, at *2 n.4 (N.D.N.Y. May 22, 2007) (collecting cases demonstrating split among courts as to whether a strike can be earned when only part of an action is dismissed on grounds set forth in § 1915(g)).

In addition, it is debatable whether a dismissal by means of summary judgment (as opposed to, for example, dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)) can qualify as a strike. *See, e.g.*, *Thompson*, 492 F.3d at 438 ("if the court dismisses the complaint on ... a motion for summary judgment, the dismissal will not count as a strike"); *Lewis v. Healy*, No. 9:08CV148, 2008 WL 5157194, at *5 n.6 (N.D.N.Y. Dec. 8, 2008) (finding it unnecessary to decide whether dismissal of certain action counted as a strike, but adding that "it likely does not qualify as a strike since plaintiff's claims were dismissed on motion for summary judgment, rather than based upon a failure to state a claim upon which relief may be granted").

My finding that plaintiff has three strikes against him based on the *Fischer* and *Tadder* actions, however, renders is unnecessary for me to decide whether *Morse* also counts as a strike.

May 9, 2005) ("Plaintiff does not allege that he faces any specific danger at Elmira Correctional Facility. Rather, he speculates that he, like any other inmate at the facility, faces potential danger at the hands of other inmates. Were this Court to hold that such speculation is sufficient to satisfy the 'imminent danger' requirement, this Court would effectively create a blanket exception to the 'three strikes' rule for all inmates of maximum security prisons").

Plaintiff has not made a sufficient showing of imminent physical danger to qualify for the exception. He simply alleges that he has been assaulted in the past, and there are no allegations in the complaint indicating that another attack is imminent.

Nor can plaintiff satisfy the criteria for the exception by relying on events postdating the complaint. In support of his previous motion for a temporary restraining order ("TRO"), plaintiff wrote to the Court in January of this year and alleged that he has been assaulted during the pendency of this action. The Court denied plaintiff's TRO request on January 9, 2009, based on his failure to meet the standard in this circuit for obtaining preliminary injunctive relief. Dkt. #7.

Plaintiff's allegations concerning events that allegedly occurred after he filed the complaint in this action are insufficient to show that he was in imminent danger of physical harm at the time that the complaint was filed. *See Taylor v. Allen*, No. 07-0794, 2009 WL 1758801, at *2 (S.D.Ala. June 16, 2009) (alleged incident of excessive force that occurred after the complaint's filing did not satisfy § 1915(g)'s imminent-danger exception); *Moxley v. Johnson*, No. 3:05-CV-0038, 2005 WL 1131063, at *2 (N.D.Tex. May 6, 2005) ("Plaintiff makes no specific allegation of imminent danger at the time he commenced this action in early January 2005. That he may have been attacked in February 2005 does not satisfy the imminent-danger requirement of § 1915(g)").

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #12) is granted. Pursuant to 28 U.S.C. § 1915(g), plaintiff's *in forma pauperis* status is hereby revoked and the complaint is dismissed without prejudice to refiling with payment of the $350 filing fee.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 7, 2009.